IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 9:07-848 |
| | ) | |
| vs. | ) | |
| | ) | |
| **TURKEY HILL PLANTATION, INC.** | ) | **PLEA AGREEMENT** |

## General Provisions

This PLEA AGREEMENT is made this _____ day of September, 2007, between the United States of America, as represented by United States Attorney REGINALD I. LLOYD, Assistant United States Attorney Rhett DeHart; the Defendant, **TURKEY HILL PLANTATION, INC.**, and Defendant's Attorney, Paul Thurmond, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant, **TURKEY HILL PLANTATION, INC.**, agrees to waive Indictment and arraignment, and plead guilty to an Information involving migratory bird violations, in violation of Title 16, United States Code, Sections 3373(d)(1)(B), 3372(a)(1), and 704(b)(1). In order to sustain its burden of proof as to this offense, the Government is required to prove the following: On or about November 18, 2006, in the District of South Carolina, the Defendant

(A) knowingly engaged in conduct that involved the sale of wildlife with a market value in excess of $350.00;

(B) knowing that said wildlife was taken in violation of and in a manner unlawful under the laws and regulations of the United States.

The maximum penalty for this offense is a $20,000 fine, 3 years supervised release, and a $100 special assessment.

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

3.

(A) <u>Fines:</u> The Defendant understands and agrees that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the Court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

(B) <u>Special Assessment:</u> Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which it is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

4. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18,

United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw its plea of guilty to the offense enumerated herein.

7. The Defendant agrees to pay a $5,000 fine to the U.S. Fish and Wildlife Service and to make a $5,000 donation to the Boys and Girls Club. The Defendant further agrees not to take a tax deduction for this $5,000 donation to the Boys and Girls Club.

8. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

9-5-07
DATE

_____ on behalf of THP
TURKEY HILL PLANTATION, INC.,
Defendant

9-5-07
DATE

Paul Thurmond
Attorney for the Defendant

REGINALD I. LLOYD
UNITED STATES ATTORNEY

9-5-07
DATE

BY: _____
Rhett DeHart
Assistant U. S. Attorney

-4-